KEITH R. SCHIRMER (State Bar No. 87691)
CODY LEE SAAL (State Bar No. 286041)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA  94523-3936
Telephone:  (925) 827-3300
Facsimile:  (925) 827-3320
Email: kschirmer@esmlawfirm.com
Email: csaal@esmlawfirm.com

Attorneys for Defendants MELANIE JONES, JASON KROLIKOWSKI and JON CAMPOPIANO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SEABURY, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, Superintendent RICK SCHMIT in his official capacity, MELANIE JONES in her official and individual capacity, JASON KROLIKOWSKI in his official and individual capacity, JON CAMPOPIANO in his official and individual capacity, and DOES 1 through 15, inclusive,<br><br>　　　　Defendants. | **Case No. 3:20-cv-04928-EMC**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　March 15, 2022<br>Time:　　2:30 p.m.<br>Courtroom:　5, 17th Floor<br>450 Golden Gate Ave, San Francisco CA<br><br>JUDGE: HON. Edward M. Chen |

Plaintiff THOMAS SEABURY and Defendants MELANIE JONES, JASON KROLIKOWSKI and JON CAMPOPIANO hereby jointly submit this Joint Case Management Conference Statement pursuant to Local Rule 16-9.

### I.   JURISDICTION AND SERVICE

Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983 based on alleged violation of the Fourth Amendment to the United States Constitution.

Defendants Melanie Jones, Jason Krolikowski and Jon Campopiano have been served and have appeared in the action.

Defendant San Ramon Valley Unified School District was dismissed from this lawsuit with prejudice on January 5, 2021.

No Summons has been requested or issued for defendant Rick Schmit; defendant Schmit has not been served and has not appeared in this action. Plaintiff does not intend to pursue any claims against defendant Schmit.

## II.    FACTS

Plaintiff Thomas Seabury alleges that his Fourth Amendment rights were violated when he allegedly suffered adverse action in response to his refusal to submit to a breathalyzer test requested by defendants Melanie Jones, Jason Krolikowski and Jon Campopiano based on a report that plaintiff was intoxicated/under the influence of alcohol on school grounds

Plaintiff alleges that the search request was unlawful/unconstitutional. He further alleges that he suffered an adverse action in response to his refusal to submit to the breathalyzer test when he was placed on paid administrative leave and escorted to the school parking lot, encountering Danville police officers who had been called to the scene, in front of an allegedly large crowd. Plaintiff alleges that the publicity of the events that occurred outside caused him to suffer a negative stigma, which he alleges caused him harm.

Defendants contend that the search request was lawful/constitutional. Defendants further contend that plaintiff suffered no adverse action/retaliation when he was placed on paid administrative leave and escorted to the school parking lot in response to his refusal to submit to the breathalyzer test. Defendant disputes plaintiff's claimed harm.

## III.    LEGAL ISSUES

Following plaintiff's dismissal of the District, employees in their official capacities, and the state law claims, only one cause of action in the operative Third Amended Complaint remains: the First Cause of Action brought pursuant to 42 U.S.C. Section 1983 for alleged violation of plaintiff's Fourth Amendment rights against defendants Jones, Krolikowski and Campopiano. This litigation involves the following factual and legal issues:

1) Whether the report/complaint/allegation of plaintiff's intoxication on school grounds was credible and reliable;

2) Which Fourth Amendment search standard applies: "reasonable suspicion" or "arbitrary and capricious.
   a. Whether the school employees needed "reasonable suspicion" to request that Seabury submit to a breathalyzer test, or whether they could request that he submit to a breathalyzer test so long as the request was not "arbitrary or capricious."
3) Whether the school employees had the requisite level of suspicion to make the search request.
   a. Whether the school employees had "reasonable suspicion," or
   b. Whether the school employees lawfully requested the search because the request was not "arbitrary or capricious."
4) Whether plaintiff suffered any adverse action. While paid administrative leave alone does not constitute adverse action, did plaintiff suffer additional harm, such as public stigma, caused by defendants, sufficient enough to constitute an adverse action?
5) Whether defendants are entitled to qualified immunity.

## IV.   MOTIONS

Defendants Melanie Jones, Jason Krolikowski and Jon Campopiano filed a Rule 12(b)(1), (6) Motion to Dismiss. The Motion was granted in part, denied in part. Defendants anticipate filing a Motion for Summary Judgement/Adjudication.

## V.   AMENDMENT OF PLEADINGS

None anticipated at this time.

## VI.   EVIDENCE PRESERVATION

The parties will retain all physical and electronic evidence related to the allegations in the operative Third Amended Complaint.

## VII.   DISCLOSURES & DISCOVERY

The parties are continuing to exchange information and documents in preparation for engaging in meaningful settlement negotiations at the May 4, 2022 Settlement Conference with Magistrate Judge Tse. Plaintiff's deposition is scheduled for March 30, 2022. The deposition of

defendant Jason Krolikowski will be scheduled for a date in advance of the Settlement Conference. No additional depositions will be taken prior to the Settlement Conference.

## VIII.   CLASS ACTIONS

Not Applicable.

## IX.   RELATED CASES

None.

## X.   REQUESTED RELIEF

Plaintiff seeks compensatory, general and special damages, attorney's fees and punitive damages to be determined by jury.

Defendants dispute that plaintiff is entitled to any relief or monetary damages. Defendants seek dismissal with prejudice of and from any and all claims. Defendants reserve the right to seek costs of suit against plaintiff in the event defendants are determined to be the prevailing party.

## XI.   SETTLEMENT AND ADR

The parties are scheduled to participate in a Settlement Conference with Magistrate Judge Alex G. Tse on May 4, 2022.

## XII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

A Magistrate Judge has not been assigned to this case.

## XIII.   OTHER REFERENCES

This case is not suitable for reference to binding Arbitration, a Special Master or the Judicial Panel on Multidistrict Litigation.

## XIV.   NARROWING OF ISSUES

Defendants believe a dispositive Motion for Summary Judgement/Adjudication will narrow the issues of liability and/or qualified immunity, as well as the nature and extent of plaintiff's recoverable damages.

## XV.   EXPEDITED SCHEDULE

The parties do not believe this case is appropriate for an expedited schedule.

///

///

## XVI.   SCHEDULING & TRIAL

The Court issued a Scheduling Order (Doc. 37) on October 26, 2021. The only modification to the Court's Scheduling Order has been a continuance of the ADR Completion Deadline from February 23, 2022 to May 31, 2022 to allow for the parties to participate in the May 4, 2022 Settlement Conference with Magistrate Judge Tse.

| | |
|---|---|
| Trial: | February 6, 2023 (Estimated 7 court days) |
| Final Pre-Trial Conference: | January 10, 2023 |
| Last Day to Hear Dispositive Motion: | October 27, 2022 |
| Last Day to File Dispositive Motion: | September 22, 2022 |
| Expert Discovery Cutoff: | September 15, 2022 |
| Expert Rebuttal Reports: | August 25, 2022 |
| Expert Opening Reports: | August 4, 2022 |
| Fact Discovery Cutoff: | August 4, 2022 |

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are unaware of any persons, firms, partnerships, corporations, or other entities that have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XVIII. PROFESSIONAL CONDUCT

Counsel for the parties have reviewed the Guidelines.

///

///

///

///

///

1

JOINT CASE MANAGEMENT STATEMENT                                3:20-cv-04928-EMC

**XIX.   OTHER MATTERS**

The parties are not presently aware of any additional issues that need to be addressed at this time.

DATED:  March 8, 2022				BIGGS LAW OFFICE A.P.C.


						_____/s/_*Michael S. Biggs*_____
						Michael S. Biggs, Esq
						Attorney for plaintiff THOMAS SEABURY


DATED:  March 8, 2022				EDRINGTON, SCHIRMER & MURPHY LLP


						_____/s/ *Cody Lee Saal*_____
						Cody Lee Saal, Esq.
						Attorney for Defendants MELANIE JONES,
						JASON KROLIKOWSKI and JON
						CAMPOPIANO

**ATTESTATION**

I hereby attest that I have obtained the consent of the other signatory to the filing of this document.

						_____/s/ *Cody Lee Saal*_____
						Cody Lee Saal, Esq.
						Attorney for Defendants MELANIE JONES,
						JASON KROLIKOWSKI and JON
						CAMPOPIANO